UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CINDY K. CHAN and HUNG P. WONG,

            Plaintiffs,

-against-

BARBARA SMITH and
CLARENCE ALVIN DANIEL GASBY,

           Defendants.

------------------------------------------------------------x

Case No.

COMPLAINT

13 CV 4724


JUDGE BAER

## COMPLAINT

Plaintiffs Cindy K. Chan and Hung P. Wong (hereafter "Plaintiffs") sue Defendants Barbara Smith and Clarence Alvin Daniel Gasby (hereafter "Defendants"), and allege as follows:

### Preliminary Statement

1. This is an action that arises from Defendants' breach of a certain contract of sale, dated as of February 2013, wherein Defendants agreed to sell their cooperative unit to Plaintiffs at the price of $4.89 million.

2. Plaintiffs have received approval for their purchase from the cooperative corporation, are adequately financed and are ready and willing to complete this transaction. Defendants, however, claim that they have cancelled the contract because the cooperative corporation's approval of Plaintiffs' purchase application was not issued timely – no more than eight days following Defendants' purported cancellation. This was a breach of contract by Defendants because the contract was not written with "time being of the essence" and Defendants had never taken any steps to make it so.

### Parties

3. Plaintiffs are individuals who reside at 5 Round Hill Court, Colts Neck, New

Jersey.

4. Defendants are individuals who currently reside at 200 Central Park South, New York, New York 10019.

### Jurisdiction and Venue

5. This Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. §1331, in that this is an action between citizens of different states for damages which exceed the jurisdictional requirements.

6. Venue is proper in this Court under 28 U.S.C. §1391 based on the fact that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Defendants are residents of New York County.

### General Allegations

7. By contract of sale, dated as of February 2013, Defendants agreed to sell Apartment 35-A (the "Unit"), a cooperative apartment in the building owned and operated by Park South Tenants Corporation (the "Cooperative") located at 200 Central Park South, New York, New York 10019, to Plaintiffs at the price of $4.89 million.

8. The original closing date set forth in the Contract (the "Closing Date") was "on or about" April 2, 2013.

9. The Contract did not make the Closing Date "time of the essence."

10. The Contract, at paragraph 24.1, obligates all parties to cooperate with each other and the Cooperative.

11. Within two days of the Contract's execution, Plaintiffs' transactional attorney, Lori Braverman, Esq., received a telephone call from Jan B. Geller, Esq. of Altshul Goldstein & Geller, LLP, Defendants' transactional counsel, who relayed Defendants' request that they be released from the Contract.

12. Not two days later, Ms. Braverman again heard from Mr. Geller, who advised that Defendants had withdrawn their request and would proceed with the Contract.

13. On February 25, 2013, Plaintiffs submitted their purchase application and package to the Cooperative's board of directors (the "Board") for review and approval.

14. Plaintiffs were subsequently informed of some follow-up questions the Board had concerning Plaintiffs' finances.

15. These questions were all promptly addressed by Plaintiffs' accountant and the purchase application supplemented.

16. Some three weeks later, on or about April 16, 2013, Plaintiffs were informed of the Board's request that Plaintiffs stipulate and agree to: (i) pre-pay twenty-four (24) months of maintenance and (ii) deposit an additional twenty-four (24) months of maintenance in escrow.

17. Plaintiffs immediately agreed to this stipulation and request.

18. Upon Plaintiffs' stipulation, a formal interview was scheduled with the Board to occur April 23, 2013.

19. Plaintiffs and their daughter attended the meeting on April 23, 2013.

20. Only two Board members participated in the meeting.

21. Despite their willingness to pre-pay four years of maintenance charges, Plaintiffs learned on May 1, 2013 that their purchase application had been rejected.

22. Plaintiffs immediately had their broker, Paul Zweben of Douglas Elliman, deliver a further supplemented purchase application to the managing agent, requesting reconsideration by the Board.

23. On May 16, 2013, Plaintiffs were informed that the Board's position would not be reconsidered.

24. By letter dated May 30, 2013, from David L. Berkey, Esq. of Gallet Dreyer &

448432.DOC

-3-

Berkey, LLP, to the Cooperative's attorney, Aaron Shmulewitz, Esq. of Belkin, Burden, Wenig & Goldman, LLP, Plaintiffs requested that their purchase application be re-considered by the entire Board.

25. Plaintiffs' request for reconsideration by the Board was granted and, in connection therewith, Plaintiffs forwarded to Board member Mr. Jerry Lieberman further documentation confirming Plaintiffs' finances that he had requested.

26. At or about that time, Ms. Braverman received Mr. Geller's correspondence, dated May 30, 2013, purportedly refunding Plaintiffs' $489,000 contract deposit due to the absence of Board approval for the Unit's transfer.

27. Ms. Braverman responded by letter dated June 5, 2013, advising Mr. Geller that Defendants' refund of the contract deposit was premature and improper given the entire Board's reconsideration of Plaintiffs' purchase application.

28. Approximately one week later, Mr. Geller, again attempted to refund Plaintiffs' contract deposit, this time claiming that "Seller has elected to cancel the transaction" pursuant to the Contract's paragraph 6.3.

29. The Contract, at paragraph 6.3, provides in relevant part:

If the Corporation has not made a decision on or before the Scheduled Closing Date, the Closing shall be adjourned for 30 business days for the purpose of obtaining such consent. If such consent is not given by such adjourned date, either Party may cancel this Contract by Notice, provided that the Corporation's consent is not issued before such Notice of cancellation is given. If such consent is refused at any time, either Party may cancel this Contract by Notice. In the event of cancellation pursuant to this ¶ 6.3, the Escrowee shall refund the Contract Deposit to Purchaser.

30. Pursuant to this provision, the Board's failure to reach a decision on Plaintiffs' application, by "on or about" April 2, 2013, caused the Closing Date to be adjourned for thirty business days to "on or about" May 14, 2013.

31. Upon learning that the Board had approved Plaintiffs' purchase application, Ms. Braverman contacted Mr. Geller on June 18, 2013 and requested that a closing be scheduled to complete the transaction.

32. Having received no response from Mr. Geller, Ms. Braverman, by letter dated June 21, 2013 wrote to Mr. Geller stating that: (i) the Defendants' failure to make the Closing time of essence permitted Plaintiffs a reasonable adjournment to complete their performance and obtain Board approval and (ii) the Board had in fact approved the Plaintiffs' application.

33. Ms. Braverman indicated Plaintiffs' readiness and willingness to close on a mutually convenient date and complete the Unit's transfer.

34. Defendants, to date, have refused.

## COUNT ONE
(Breach of Contract - Specific Performance)

35. Plaintiffs repeat and reallege the foregoing allegations as if incorporated herein.

36. The Contract did not make "time of the essence" with respect to the Closing Date.

37. Absent a "time of the essence" designation, the parties are permitted reasonable adjournments in which to tender performance of their contractual obligations

38. Plaintiffs, have, at all times, had the funds available to close this all cash transaction, and are ready, willing and able to do so.

39. Plaintiffs' only performance under the Contract was to procure Board approval for the transaction and to pay the purchase price.

40. Under the terms of the Contract, the Closing Date was adjourned thirty (30) business days to procure Board approval, from "on or about" April 2, 2013 to "on or about" May 14, 2013.

41. In the absence of Defendants making the Closing Date "time of the essence," the Closing Date, as adjourned, remained "on or about" – <u>with no time of the essence designation</u>.

42. Until such time as Defendants made the Closing Date "time of the essence," Plaintiffs-purchasers are afforded a reasonable time in which to complete their performance and acquire Board approval.

43. The Contract requires all parties to cooperate with each other, the Cooperative and its Board.

44. Defendants purportedly cancelled the Contract by notice dated May 30, 2013.

45. In purportedly cancelling the Contract and refusing to permit Plaintiffs a reasonable time to complete their performance and acquire Board approval, Defendants have breached and defaulted under the terms of the Contract.

46. Under the Contract, in the event of Defendants-sellers default, Plaintiffs-purchasers are entitled to all remedies at law or in equity, including specific performance, because the Unit and possession thereof cannot be duplicated.

47. Under the terms of the Contract, in the event Defendants-sellers breach their covenants, Plaintiffs-purchasers are entitled to recover reasonable attorneys' fees and disbursements, court costs and litigation expenses in connection with enforcement of said covenants.

48. Plaintiffs have no adequate remedy at law.

49. In light of Defendants' breach and default of the Contract, Plaintiffs are entitled to Defendants' specific performance of the Contract.

## COUNT TWO
(Breach of Contract - Specific Performance)

50. Plaintiffs repeat and reallege the foregoing allegations as if incorporated herein.

51. The Contract includes Defendants' implied covenant of good faith and fair dealing in the course of Plaintiffs' performance.

52. The Contract requires all parties to cooperate with each other, the Cooperative and its Board.

53. Defendants' have breached their implied covenant of good faith and fair dealing and their obligation to cooperate by attempting to cancel the Contract due to the Board's failure to render its decision on Plaintiffs' purchase application by on or about May 14, 2013 while knowing that Plaintiffs' purchase application remained under the Board's consideration and without making the Closing Date "time of the essence."

54. Under the Contract, in the event of Defendants-sellers' default, Plaintiffs-purchasers are entitled to all remedies at law or in equity, including specific performance, because the Unit and possession thereof cannot be duplicated.

55. Under the terms of the Contract, in the event Defendants-sellers breach their covenants, Plaintiffs-purchasers are entitled to recover reasonable attorneys' fees and disbursements, court costs and litigation expenses in connection with enforcement of said covenants.

56. Plaintiffs have no adequate remedy at law.

57. In light of Defendants' breach and default of the Contract, Plaintiffs are entitled to Defendants' specific performance of the Contract.

## COUNT THREE
(Temporary Restraining Order, Preliminary and Permanent Injunction)

58. Plaintiffs repeat and reallege the foregoing allegations as if incorporated herein.

59. Plaintiffs are entitled to a temporary restraining order, preliminary and permanent injunction, enjoining staying and restraining Defendants and any one of them, from entering into

a contract for, or taking any steps in connection with, the sale, transfer or conveyance of the shares (the "Shares") allocated to and the proprietary lease for the Unit to anyone other than Plaintiffs, pending Defendants' specific performance of the Contract.

60. Plaintiffs have no adequate remedy at law.

## RELIEF REQUESTED

Wherefore, Plaintiffs respectfully request that this Court enter Judgment:

A. Entering an award in Plaintiffs' favor against Defendants, jointly and severally, for Defendants' specific performance of the Contract;

B. Entering an award in Plaintiffs' favor against Defendants, jointly and severally, permanently enjoining staying and restraining Defendants and any one of them, from entering into a contract for, or taking any steps in connection with, the sale, transfer or conveyance of the Shares allocated to and the proprietary lease for the Unit pending Defendants' specific performance of the Contract;

C. Entering an award in Plaintiff's favor and against Defendants jointly and severally, for recovery of Plaintiffs' attorneys' fees, costs and disbursements in this action; and

D.  Entering an award in Plaintiffs' favor and against Defendants, jointly and severally, for such other and further relief as may be just and proper.

Dated:  New York, New York
        July 8, 2013

GALLET DREYER & BERKEY, LLP

By: _____
David L. Berkey, Esq. (DB 0243)
Jerry A. Weiss, Esq. (JW 9936)
845 Third Avenue
New York, New York 10022
Tel. (212) 935-3131
Fax (212) 935-4514
Email: dlb@gdblaw.com

*Attorneys for Plaintiffs*
*Cindy K. Chan and Hung P. Wong*

448432.DOC